UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Beverly Brown,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Metropolitan Council,<br><br>　　　　　　Defendant. | **Court File No.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by her attorney, The Law Firm of Stephen L. Smith, PLLC, brings this action seeking relief from defendant's unlawful employment practices, stating the following as her claims against defendant:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under Title 28, United States Code, Sections 1331, 1343, 2201, and 2202; and the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e *et seq.*, as amended by the Civil Rights Act of 1991.  This Court also has supplemental jurisdiction over plaintiff's state claims pursuant to Title 28, United States Code, Section 1367.

2. Venue is proper in the District of Minnesota because defendant has its principal place of business here, maintains personnel records here, and made or ratified illegal employment decisions that adversely affect plaintiff in this district.

## PROCEDURAL HISTORY

3. Plaintiff has satisfied all of the procedural requirements applicable to this action. She filed a charge of discrimination with the Minnesota Human Rights Department ("Department") which was cross-filed with the EEOC. The Department mailed plaintiff a right to sue notice, dated November 5, 2012.

## PARTIES

4. Plaintiff Beverly Brown ("Brown") is Native American. And at all times relevant to this matter she has been employed with the Metropolitan Council.

5. Defendant Metropolitan Council ("Council") is a public corporation and political subdivision within the meaning of Minnesota Statutes, Section 473.123, subdivision 1.

## FACTUAL ALLEGATIONS

6. Brown has worked as a human resources assistant for the Council for nearly 12 years.

7. She holds a Bachelor's Degree in Business Administration.

8. Brown applied for a staffing specialist position in or around October 2009. She was unaware of the position until a senior colleague responsible for staffing it asked her whether she intended to apply for it. Brown was surprised to learn of the position since normally vacancies were announced during regular staff meetings and there had been no mention of this position. Brown is also an administrator of NeoGov, the organization's online application/hiring database. As such, she receives email notices of all requisitions to fill positions. She did not receive notice of the open staffing specialist position.

9. Human Resources Manager Janelle Wegner ("Wegner") met with Brown in late October 2009 after she had applied for the position. She informed Brown that they would be

screening the staffing specialist position for people with heavy recruitment experience and significant experience in human resources.

10. Brown was selected for the first round of interviews, which were scored. She scored high enough to move on to the second round of interviews, which were not scored. The second round of interviews is an informal opportunity to meet the hiring manager and other management level employees the specialist will work with in the department.

11. Wegner informed Brown in late November that they had selected another candidate for the position. Brown learned that Angela Hansen was the successful candidate. Hansen was a part-time employee who had been with the Council for three years compared to the nine years Brown had been there. In fact, Hansen was in a job-sharing position. She alternated between two and three day work weeks.

12. Contrary to Wegner's representations to Brown, Hansen had little, if any, recruitment experience. Moreover, she had next to no experience with the NeoGov system, including the online applications/hiring database, developing auto-scoring criteria based on supplemental questions tailored for the specific job, and candidate interview selection. This experience was identified as a job requirement for the staffing specialist position. Hansen's lack of qualifications are further highlighted in her responses to the NeoGov tailored questionnaire designed to determine whether a candidate meets the minimum qualifications for the staffing specialist position:

- Question 1: Which best describes your education and work experience?
    - Hansen answered: None of the above.
    - Brown answered: Bachelor's Degree and at least one year of performing recruitment and selection in a human resources department

- Question 2: Do you have direct experience in recruitment and selection with a public sector employer?
  - Hansen answered: No
  - Brown answered: Yes

- Question 3: Do you have direct recruitment and selection experience in a large organization (more than 1,000 employees)?
  - Hansen answered: No
  - Brown answered: Yes

- Question 4: Do you have direct experience in recruitment and selection within a unionized environment?
  - Hansen answered: No
  - Brown answered: Yes

- Question 5: Do you have direct experience in designing, developing, or implementing a diversity recruitment effort?
  - Hansen answered: No
  - Brown answered: No

13. Hansen scored zero percent out of a total of eight points. As a result, she did not meet the minimum qualifications for the position. Nevertheless, she was permitted to interview for it. Brown, on the other hand, scored six out of eight points for a total of seventy five percent.

14. Despite Brown's superior qualifications and excellent work history, the Council promoted Hansen to the staffing specialist position.

15. Brown filed a Charge of Discrimination with the Minnesota Department of Human Rights on November 26, 2010, alleging race discrimination.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII, 42 UNITED STATES CODE, §2000e *et seq*. OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND THE MINNESOTA HUMAN RIGHTS ACT

16. Brown restates and realleges the foregoing paragraphs as though set forth here in full.

17. The Council, through its agents, discriminated against Brown in the terms and conditions of her employment because of her race in violation of Title VII and the Minnesota Human Rights Act.

18. The Council discriminated against Brown by promoting a less qualified white candidate to the staffing specialist position for which Brown was highly qualified.

19. By reason of The Council's discriminatory and unlawful practices described above, Brown has suffered discrimination, embarrassment, emotional distress, humiliation, loss, and indignity.

20. Brown is entitled to recover all amounts owing under Title VII and the Minnesota Human Rights Act, including liquidated damages for The Council's willful violation of these laws. She also is entitled to such legal and equitable relief, including damages for mental anguish, punitive damages and compensation for past and future loss of wages and employment benefits as may be appropriate under Title VII and the Minnesota Human Rights Act.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays for the following:

21. That the practices of defendant complained of herein be adjudged in violation of the rights secured by plaintiff by Title VII, 42 U.S.C. §2000e *et seq*., as amended, and the Minnesota Human Rights Act, Minn. Stat. Chap. 363A.

22. That a permanent injunction be issued prohibiting defendant, its officers, agents, employees, and successors, from engaging in discriminatory employment practices.

23. That plaintiff be awarded compensatory damages in an amount to be established at trial.

24. That plaintiff be awarded damages for mental anguish and pain and suffering in an amount to be established at trial.

25. That plaintiff be awarded punitive damages.

26. That plaintiff be awarded treble damages pursuant to Minn. Stat. §363A.29, subd. 4.

27. That the Court grant plaintiff her attorneys' fees and the costs and expenses of this action.

28. That the Court grant such other and further relief as the Court may deem just and equitable in the premises.

Dated: December 20, 2012          *The Law Firm of Stephen L. Smith, PLLC*


                                  *s/Stephen L. Smith*
                                  Stephen L. Smith, #190445
                                  700 Lumber Exchange Building
                                  10 South Fifth Street
                                  Minneapolis, MN  55402-4218
                                  Telephone: 612.305.4355

                                  ATTORNEYS FOR PLAINTFF